_____

94-3662
_____

Richard T. Walker, John K. Hake,     *
                                     *
     Plaintiffs-Appellants;          *
                                     *
Joseph T. Salazar,                   *
                                     *
     Plaintiff;                      *
                                     *   Appeal from the United States
     v.                              *   District Court for the
                                     *   District of Nebraska
Governor Ben Nelson; Harold W.       *
Clarke, Department of                *            [UNPUBLISHED]
Corrections; Gary Grammer,           *
Hastings Corrections; and            *
Donald Stenberg, Attorney            *
General;                             *
                                     *
     Defendants-Appellees.           *
                              _____

                    Submitted:   November 16, 1995

                        Filed:   December 1, 1995
                              _____

Before HANSEN, JOHN R. GIBSON, and MURPHY, Circuit Judges.
                              _____

PER CURIAM.

     Richard T. Walker and John K. Hake appeal from a judgment rejecting
their equal protection and procedural due process challenges to a Nebraska
commutation policy which treats persons convicted of second degree murder
differently from those convicted of first degree murder.  They appeal only
the equal protection

ruling of the district court.[1]  We affirm.

Both Walker and Hake were convicted of second degree murder some thirty years ago and received sentences of ten years to life.  Both have been paroled several times but have been returned to custody because of parole violations; Walker is currently on parole again.  Each has been denied commutation by the Nebraska Pardons Board at least twice.  They allege that these denials violated their constitutional rights.

Under Nebraska law, parole eligibility is computed based on an inmate's minimum sentence, and a mandatory release date is calculated based on the inmate's maximum sentence adjusted for good time.  This results in differing consequences for first and second degree murderers.

Second degree murderers sentenced to ten years to life are eligible for parole at some point, but they never receive a mandatory discharge date because good time cannot be subtracted from a term of life.  Second degree murderers may seek a fixed maximum term by applying for commutation of their sentences.  If successful, they would receive a mandatory discharge date.  At least thirty-nine applications for commutation were made by second degree murderers between January 1980 and March 1993, but the pardons board granted none.  It appears that most second degree murderers are eventually discharged from custody voluntarily after several successful years on parole.  If a second degree murderer without a commuted sentence is not discharged from parole, however, he must serve the entire life term.

---

[1]The Honorable Warren K. Urbom, Senior United States District Judge for the District of Nebraska.

Because plaintiff Joseph Salazar presented no evidence to the district court that he had ever applied for commutation of his sentence, he was dismissed as a party.  He did not appeal.

First degree murderers in Nebraska are sentenced either to death or to life in prison, called life to life. Those sentenced to life to life have no minimum term so they are never eligible for parole unless they receive a commutation. The pardons board granted 18 of 113 commutation applications from first degree murderers between January 1980 and March 1993. When it has granted an application for commutation, the board has given not only a minimum sentence, making parole possible, but also a maximum term (e.g. 35-60 years) which provides a mandatory discharge date.

Walker and Hake brought this action against certain Nebraska officials who play a role in commutation, alleging that the denial of commutation to all second degree murderers, but not to all first degree murderers, was a violation of their equal protection rights under the Fourteenth Amendment. Following a bench trial, the district court found that first and second degree murderers serving life sentences in Nebraska are not similarly situated. A necessary element of their equal protection claim was therefore missing. City of Cleburne, Texas v. Cleburne Living Center, 473 U.S. 432, 439 (1985).

After a thorough review of the record, we conclude that the findings of the district court were not clearly erroneous and that it correctly determined there was no equal protection violation on the facts of this case. We therefore affirm the judgment without further discussion. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-